**UNITED STATES v. CHURCHWELL et ux.**

No. 10909.

Circuit Court of Appeals, Fifth Circuit.

Dec. 18, 1944.

Norman M. Littell, Asst. Atty. Gen., and S. Billingsley Hill and Vernon L. Wilkinson, Sp. Attys., Dept. of Justice, both of Washington, D. C., for appellant.

John Charles Darroch, of Brownwood, Tex., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

This appeal was intended as a test case to settle the question whether the United States when condemning land is liable for interest on the amount of just compensation, fixed by stipulation, from the date of the stipulation to the date it is paid into court. Appellant admits, however, that there are special circumstances in this record which prevent it from presenting a fair test, and appellees conclude their brief with a consent, if the court thinks best, that the case be reversed and reopened in the trial court for a reinvestigation of the meaning and effect of the stipulations, and as to what judgment will be proper and right.

We think the suggestion of appellees should be followed, for we cannot arrive at the true facts from this record. On Aug. 24, 1942, under the authority of the Act of March 27, 1942, 56 Stat. 177, 50 U. S.C.A.Appendix, § 632, and July 2, 1942, 56 Stat. 611, and of the prior statutes as to condemnation of land, the United States filed its petition to condemn and take immediate possession of 120,000 acres of land in Texas to expand Camp Bowie for military purposes, and an order for immediate possession was passed by the court that day. This case involves a tract of 523.7 acres included therein. As to it the record shows that on Oct. 20, 1943, appellees, upon the ground that about Dec. 18, 1942, they "entered into stipulations with petitioner agreeing upon the fair and reasonable cash market value of said land as the basis of just compensation to be paid them therefor", moved an award of 6% interest up to the date of payment of the money into court. There is in the record a declaration of taking of this and other lands, and a recited payment of $10,900 into court on February 18, 1943, for this tract. The United States resisted the motion for interest on the ground that the stipulation fixed by contract the "just compensation", and no interest was demandable in addition. On Oct. 20, 1943, the court, reciting that evidence was introduced, found that appellees had entered into a stipulation agreement with the United States under date of Dec. 18, 1942, "in which they agreed to accept the sum of $10,900 as just compensation for the tract of land owned by them in said area"; that said sum of money was not deposited by the United States till Feb. 18, 1943; and it was held that appellees were entitled to interest at 6% from Dec. 18, 1942, until Feb. 18, 1943, which was directed to be paid into the registry of the court and disbursed to petitioners. From this judgment appeal is taken by the United States. But no stipulation of Dec. 18, 1942, is in the record, nor is any of the evidence heard by the court. As a result, we would have to take as true the fact found by the court as to the existence of an agreement on that date, and that it fixed the "just compensation" to be paid rather than the "fair and reasonable cash market value of the land" as contended by appellees. We would then be faced with the legal question whether, under the statutes, especially Section 1 of the Declaration of Takings Act of Feb. 26, 1931, 40 U.S.C.A. § 258a, which special-

ly provides for interest at 6% to the time of payment, such interest is allowable under such an agreement. We hesitate to decide the question without knowing the wording of the agreement. Appellant's brief appends a copy of an agreement, signed by appellees but not signed by appellant; but appellees contend that it cannot be thus introduced into the record, and that not having been signed for the United States it never became effective. We are not authorized to treat this document as before us.

Moreover, the record does contain an amended petition for condemnation of this tract filed Oct. 22, 1943, in which certain persons, two of them minors, are named as claiming an interest adverse to the appellees, and they are joined as parties. There follows on the same day a stipulation signed by the United States, the appellees, and the new parties, including the minors by a guardian ad litem, which states that special commissioners had "found the value" of the whole tract to be $11,000, and of 274.2 acres thereof in which the new defendants had an interest to be $5,703.36; and their fractional interests were stated. It was thereupon agreed that the United States had on Feb. 18, 1943, deposited as estimated compensation $10,900, which was $11,000 less $100 for improvements moved off by appellees; and of that amount certain sums were to be paid to each of the new parties and the remainder paid to appellees. Then still on Oct. 22, 1943, the court entered a final decree on the amended proceeding, vesting the title in the United States, confirming the award of the Commissioners, and distributing the $10,900 in court "in full settlement and satisfaction of all damages sustained by the said defendants by reason of the use, occupancy and taking of said tract of land by petitioner." There is no reference whatever in the decree to the payment or distribution of any interest, or to the judgment about it rendered two days before. It seems likely that when the new parties were introduced all preceding agreements became ineffective, and that Commissioners were appointed to bind the minors, and they adopted in their award of value the same figures formerly discussed by the parties. We have not this award in the record, and do not know what if any provision it made about interest. The final judgment is expressly based on the award. This judgment also is appealed from.

The final judgment and the award, though involving minors, appear to have been really based on consent. It is not clear whether the parties and the court intended to ignore and abandon the judgment touching interest. It is uncertain whether an affirmance would leave it still in force. Since both judgments are appealed from, we deem it in the interest of justice to reverse both, and reopen the case, for a more certain ascertainment of the agreements and their legal consequences, or if the case is not controlled by valid agreements, for a disposition according to law. No costs of appeal are allowed.

Reversed and remanded for further proceedings.